IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINA E. NAVARRO,           )<br>                                                          )<br>           Plaintiff,                        )<br>                                                          )<br>    v.                                              )<br>                                                          )<br>ODWALLA, INC., a California       )<br>corporation, and DOES 1 through 20, )<br>inclusive.                                       )<br>                                                          )<br>           Defendants.                    )<br>_____) | NO. 1:10-CV-1017 AWI DLB<br><br>ORDER CLOSING CASE IN<br>LIGHT OF STIPULATION<br>FOR DISMISSAL WITH<br>PREJUDICE |

On September 9, 2010, the parties filed a stipulation of voluntary dismissal with [without] prejudice of this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Rule 41(a)(1)(A), in relevant part, reads:

> the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; (ii) a stipulated dismissal signed by all parties who have appeared.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in

1  open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.
2  41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule
3  41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and
4  does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.
5  A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,
6  377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,
7  1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)
8  (addressing Rule 41(a)(1) dismissals).  "The plaintiff may dismiss some or all of the defendants,
9  or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically
10 terminates the action as to the defendants who are the subjects of the notice."  Wilson, 111 F.3d
11 at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

12     Because the parties have filed a stipulation for dismissal of this case with prejudice under
13 Rule 41(a)(1)(A)(ii) that is signed by all parties who have made an appearance, this case has
14 terminated.  See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747
15 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf.
16 Wilson, 111 F.3d at 692.

17     Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light
18 of the filed and properly signed Rule 41(a)(1)(A)(ii) Stipulation Of Dismissal With Prejudice.

20 IT IS SO ORDERED.

21
22 Dated:   September 15, 2010                                    
                                         CHIEF UNITED STATES DISTRICT JUDGE

28                                   2